UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARK CASHMAN AND CIRO AIELLO, Individually and On Behalf All Others Similarly Situated, | : : : : | CASE NO. 1:07-cv-03236-JSR (Judge Jed S. Rakoff) |
| Plaintiffs, | : : | |
| v. | : : : | **ANSWER OF DEFENDANTS THE IAMS COMPANY AND THE PROCTER & GAMBLE COMPANY** |
| MENU FOODS MIDWEST CORPORATION, et al., | : : : | *Electronically Filed* |
| Defendants. | : | |

Pursuant to Fed. R. Civ. P. 8 and 12, Defendants The Iams Company and The Procter & Gamble Company (collectively "Iams") for their Answer to Plaintiffs' Class Action Complaint, state:

INTRODUCTION

1. Iams admits that the Complaint purports to allege a class action. Iams denies the remaining allegations of paragraph 1 of Plaintiffs' Complaint.

PARTIES

2. Iams admits that it sells Canned Iams Slices with Chicken in Gravy Cat Food, Canned Iams Slices with Beef in Gravy Cat Food, Canned Iams Slices with Turkey in Gravy Cat Food and Canned Iams Flakes with Salmon in Sauce Cat Food. Iams denies the

remaining allegations of paragraph 2 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

   3. Iams admits that it sells Iams Select Bites with Salmon in Sauce and Iams Select Bites with Tuna in Sauce. Iams denies the remaining allegations of paragraph 3 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

   4-6. Iams denies the allegations of paragraphs 4 through 6 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

   7. Iams admits that Menu Foods Limited has manufactured certain wet pet food products for Iams. Iams denies the remaining allegations of paragraph 7 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

   8. Iams denies the allegations of paragraph 8 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

   9. Paragraph 9 does not allege facts to which a response is required. To the extent a response is required, Iams denies the allegations of paragraph 9 of Plaintiffs' Complaint.

   10. Iams denies the allegations of paragraph 10 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Iams admits that it was acquired by The Procter & Gamble Company and that Iams is an Ohio corporation. Iams denies the remaining allegations of paragraph 11 of Plaintiffs' Complaint.

12. Iams admits the allegations of paragraph 12 of Plaintiffs' Complaint.

13. Iams admits that it sells Iams brand pet foods in New York and throughout the United States. Iams denies the remaining allegations of paragraph 13 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Iams admits that Menu Foods Limited has manufactured certain wet and canned pet food products for Iams. Iams denies the remaining allegations of paragraph 14 of Plaintiffs' Complaint.

15-16. Iams denies the allegations of paragraphs 15 and 16 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Iams denies the allegations of paragraph 17 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief through the truthfulness of the allegations.

JURISDICTION AND VENUE

18-19. Iams denies the allegations of paragraphs 18 and 19 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

3

SUBSTANTIVE ALLEGATIONS

20. Iams denies the allegations of paragraph 20 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

21. Iams admits that Menu Foods announced a recall of certain "cuts and gravy" pet food that Menu Foods manufactured, and that that recall included certain pet food that Menu Foods manufactured for Iams. Iams denies the remaining allegations in paragraph 21 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

22-26. Iams denies the allegations of paragraphs 22-26 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Iams admits that on or about March 16, 2007, Menu Foods recalled certain pet food that it had manufactured. Iams denies the remaining allegations in paragraph 27 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

28. Iams admits that on or about March 24, 2000, Menu Foods issued an additional recall of certain pet food that it had manufactured. Iams denies the remaining allegations in paragraph 28 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

29. Iams admits that on or about April 5, 2000, Menu Foods issued an additional recall of certain pet food that it had manufactured. Iams denies the remaining allegations in paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

30. Iams admits that Chem Nutra, Inc. issued a recall of certain wheat gluten. Iams denies the remaining allegations in paragraph 30 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

31-32. Iams denies the allegations of paragraphs 31 through 32 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

33. Iams denies the allegations in paragraph 33 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

34-42. Iams denies the allegations of paragraphs 34 through 42 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

43-44. Iams denies the allegations in paragraphs 43-44 of Plaintiffs' Complaint.

45. Iams denies the allegations of paragraph 45 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

46-49. Iams denies the allegations of paragraphs 46 through 49 of Plaintiffs' Complaint.

50. Iams admits that Plaintiffs purport to bring this matter as a class action. Iams denies the remaining allegations of paragraph 50 of Plaintiffs' Complaint.

51-55. Iams denies the allegations of paragraphs 51 though 55 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION
(Negligence)

56. Iams incorporates by reference each of its responses to paragraphs 1 though 55 of Plaintiffs' Complaint as if fully restated.

57-58. Iams denies the allegations in paragraphs 57 through 58 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

59-61. Iams denies the allegations of paragraphs 59 through 61 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION
(Strict Liability)

62. Iams incorporates by reference each of its responses to paragraphs 1 though 61 of Plaintiffs' Complaint as if fully restated.

63-66. Iams denies the allegations of paragraphs 63 through 66 of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION
(Breach of Express and Implied Warranties)

67. Iams incorporates by reference each of its responses to paragraphs 1 though 66 of Plaintiffs' Complaint as if fully restated.

68-70. Iams denies the allegations of paragraphs 68 through 70 of Plaintiffs' Complaint.

71. Iams denies the allegations of paragraph 71 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

72-73. Iams denies the allegations of paragraphs 72 and 73 of Plaintiffs' Complaint.

### FOURTH CAUSE OF ACTION
(Unjust Enrichment)

74. Iams incorporates by reference each of its responses to paragraphs 1 though 73 of Plaintiffs' Complaint as if fully restated.

75-78. Iams denies the allegations of paragraphs 75 though 78 of Plaintiffs' Complaint.

### ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

If Plaintiffs or the members of the putative class were injured and damaged as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed in the amended complaint, for whose conduct Iams is not responsible, and if Iams were to be held responsible, it should be indemnified based upon contract, statute or common law.

### THIRD ADDITIONAL DEFENSE

Any action taken by Iams was not the proximate cause of any injuries which may have been sustained by Plaintiffs, but such alleged injuries were the result of superseding and intervening causes over which Iams had no control.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred because of the misuse of the alleged product by a third party over which Iams had no control.

### FIFTH ADDITIONAL DEFENSE

The Southern District of New York is an improper venue for this action.

### SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims for negligence and strict liability are barred by the economic loss doctrine because Plaintiffs seek only economic damages.

### SEVENTH ADDITIONAL DEFENSE

Plaintiffs' warranty claims are barred as a result of failure to give adequate notice as required under the Uniform Commercial Code.

### EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims for breach of implied warranties are barred because they are not in privity of contract with Iams and have suffered no personal injuries.

### NINTH ADDITIONAL DEFENSE

Plaintiff's claims for breach of implied warranties are barred because Iams was not made aware of any particular use of the products intended by plaintiffs.

TENTH ADDITIONAL DEFENSE

Plaintiffs claims for express warranties are barred because Plaintiffs failed to identify any express warranties upon which they relied.

ELEVENTH ADDITIONAL DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the injuries and/or expenses may have resulted from the pre-existing and/or unrelated medical conditions, injuries or illnesses of Plaintiffs' pets.

TWELFTH ADDITIONAL DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the same were not caused by any product designed, manufactured, developed, sold, marketed or distributed by Iams.

THIRTEENTH ADDITIONAL DEFENSE

Upon information and belief, the Plaintiffs have been and will be indemnified and reimbursed for some or all of the damages alleged in the Complaint by such collateral sources as are defined in CPLR Section 4545 and as such, Iams is entitled to set-off against the amount of any verdict of any money collected from collateral source of payment as set forth.

FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs cannot recover because Iams complied with all applicable codes, standards, regulations or specifications established, adopted, promulgated, or approved by the applicable federal and state agencies.

### FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims fail, in whole or in part, because the relief Plaintiffs request would violate the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and the Constitution of the State of New York.

### SIXTEENTH ADDITIONAL DEFENSE

An award of punitive or exemplary damages in this action would violate the due process rights of Iams under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York.

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiffs cannot maintain this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because:

(a) the class is not so numerous that joinder of all members is impracticable

(b) the questions of law and/or fact are not common to the class;

(c) the claims of the representative parties are not typical of the claims of the class; and/or

(d) the representative parties will not fairly and adequately protect the interests of the class.

### EIGHTEENTH ADDITIONAL DEFENSE

Iams is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs and putative class members with respect to the same alleged injuries. Iams also is entitled to have any damages that may be awarded to Plaintiffs and putative class members reduced by the value of any benefit or payment to Plaintiffs and putative class members from Iams or any collateral source.

WHEREFORE, Iams requests that this Court:

(a) deny class certification;

(b) dismiss Plaintiffs' Complaint with prejudice;

(c) award Iams its costs and attorneys' fees; and

(d) award Iams such relief that this Court finds necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | /s Kim M. Catullo_____ |
| | Kim M. Catullo (KC2390) |
| D. Jeffrey Ireland (Ohio Bar No. 0010443) | Allison B. Neidoff (AN6716) |
| Laura A. Sanom (Ohio Bar No. 0039451) | GIBBONS P.C. |
| Brian D. Wright (Ohio Bar No. 0075359) | One Pennsylvania Plaza, 37th Floor |
| FARUKI IRELAND & COX P.L.L. | New York, NY  10119 |
| 500 Courthouse Plaza, S.W. | Telephone:  (212) 613-2000 |
| 10 North Ludlow St. | Telecopier:  (212) 333-5980 |
| Dayton, OH  45402 | |
| Telephone:  (937) 227-3710 | Attorneys for Defendants |
| Telecopier:  (937) 227-3717 | The Procter & Gamble Company and |
| E-mail:  djireland@ficlaw.com | The Iams Company |

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of June, 2007, I electronically filed the foregoing Answer of The Iams Company and The Procter & Gamble Company with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

    Gregory Mark Nespole
    Martin E. Restituyo
    WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
    270 Madison Avenue
    New York, NY 10016

    Counsel for Plaintiffs
    Mark Cashman and Ciro Aiello

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Carolyn A. Dizon, Esq.
    DLA Piper
    1251 Avenue of the Americans
    New York, NY 10020-1104

    Counsel for the Menu Foods
    Defendants

    Megan S. Wynne, Esq.
    Morris Polich & Purdy
    1055 W. Seventh Street, 24th Floor
    Los Angeles, CA 90017-2503

    Counsel for Defendant
    Chem Nutra Inc.

                                      /s Kim M. Catullo
                                       Kim M. Catullo