**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Fax: (212) 335-3401
Alexander Shaknes (AS-8954)
Carolyn A. Dizon (CD-9854)

Attorneys for Defendants
Menu Foods Midwest Corporation,
Menu Foods Income Fund,
Menu Foods Limited,
Menu Foods, Inc., and
Menu Foods Holdings, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
Mark Cashman and Ciro Aiello,                :
individually and on behalf of all others similarly
situated,                                    :

            Plaintiffs,                :

    -against-                              :    Case No. 07 CV 3236 (JSR)

Menu Foods Midwest Corporation; Menu         :    ECF CASE
Foods Income Fund; Menu Foods Limited;
Menu Foods, Inc.; Menu Foods Holdings, Inc.; :
The Procter & Gamble Company; The Iams
Company; ChemNutra, Inc.; and John Does 1   :
through 100,
                                             :
            Defendants.                :
------------------------------------- X

### MENU FOODS DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

Defendants Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods, Inc., and Menu Foods Holdings, Inc. ("Defendants"), by their attorneys, DLA Piper US LLP, for their answer to Plaintiffs' Class Action Complaint (the "Complaint") state as follows:

    1.    Defendants admit generally that Plaintiffs have initiated a purported class action.

Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Complaint and therefore deny same and request strict proof thereof.

2. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 2 of the Complaint and therefore deny same and request strict proof thereof.

3. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 3 of the Complaint and therefore deny same and request strict proof thereof.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit only that Menu Foods Income Fund controls and indirectly owns the majority of Menu Foods Limited, a Canadian company with its offices in Mississauga, Ontario. Defendants deny all remaining allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants generally admit that Menu Foods Midwest Corporation is a Delaware corporation with its headquarters in Emporia, Kansas, Menu Foods, Inc. is a New Jersey corporation with its headquarters in Pennsauken, New Jersey, and that certain Menu Foods entities manufactured certain Iams animal food products. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. No answer is required.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint.

12. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 12 of the Complaint.

13. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Defendants generally admit that certain Menu Foods entities manufacture certain Iams animal food products.

15. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Defendants generally admit that Defendant ChemNutra has supplied wheat gluten to Defendants. Defendants deny the remaining allegations in Paragraph 16 of the Complaint based on Plaintiffs' failure to specify with particularity the alleged statements by the FDA.

17. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 17 of the Complaint and therefore deny same and request strict proof thereof.

18. Defendants admit only that subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) or 28 U.S.C. § 1367(a), and that this is not a collusive action. Defendants deny all remaining allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants admit they manufacture wet pet food under numerous brands and deny the remaining allegations in Paragraph 20 of the Complaint.

21. Defendants admit that they issued a press release on March 16, 2007, state that the press release speaks for itself, and deny all allegations in Paragraph 21 that are inconsistent therewith. Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 21 of the Complaint and therefore deny same and request strict proof thereof.

22. Defendants admit that they issued a press release on March 16, 2007, state that the press release speaks for itself, and deny all allegations in Paragraph 22 of the Complaint that are

inconsistent therewith.

23. Defendants admit that they issued a press release on March 16, 2007, state that the press release speaks for itself, and deny all allegations in Paragraph 23 of the Complaint that are inconsistent therewith.

24. Defendants generally admit that they reported to the FDA before issuing a recall of animal food products on March 16, 2007. Defendants deny all remaining allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegation in Paragraph 27 of the Complaint that there were "red flags" that preceded the March 2007 recall of certain animal foods manufactured by Defendants. Defendants admit that they issued a press release on March 16, 2007, state that the press release speaks for itself, and deny all allegations in Paragraph 27 that are inconsistent therewith.

28. Defendants admit that they issued a press release on March 24, 2007, state that the press release speaks for itself, and deny all allegations in Paragraph 28 of the Complaint that are inconsistent therewith.

29. Defendants admit that they issued a press release on April 5, 2007, state that the press release speaks for itself, and deny all allegations in Paragraph 29 of the Complaint that are inconsistent therewith.

30. Defendants admit that they issued a press release on April 5, 2007, state that the press release speaks for itself, and deny all allegations in Paragraph 30 of the Complaint that are inconsistent therewith. Defendants have insufficient knowledge to admit or deny the remaining

allegations in Paragraph 30.

31. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 31 of the Complaint and therefore deny same and request strict proof thereof.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 33 of the Complaint and therefore deny same and request strict proof thereof.

34. Defendants generally admit that they have considered expansion of their animal food operations. Defendants deny all remaining allegations in Paragraph 34 of the Complaint.

35. Defendants generally admit that on or about December 2, 2005, Menu Foods Income Fund suspended payments of distribution on its units. Defendants deny all remaining allegations in Paragraph 35 of the Complaint.

36. Defendants admit that Menu Foods, Inc. received a letter from the FDA issued on May 19, 2004, state that the letter speaks for itself, and deny all allegations in Paragraph 36 of the Complaint inconsistent therewith. Defendants deny all remaining allegations in Paragraph 36.

37. Defendants generally admit that product shipments from their Canadian operations were temporarily suspended in 2003. Defendants deny all remaining allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 39 of the Complaint and therefore deny same and request strict proof thereof.

40. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 40 of the Complaint and therefore deny same and request strict proof thereof.

41.     Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 41 of the Complaint and therefore deny same and request strict proof thereof.

42.     Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 42 of the Complaint and therefore deny same and request strict proof thereof.

43.     Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 43 of the Complaint and therefore deny same and request strict proof thereof.

44.     Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 44 of the Complaint and therefore deny same and request strict proof thereof.

45.     Defendants generally admit that they issued a recall of animal food products on March 16, 2007. Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 45 of the Complaint and therefore deny same and request strict proof thereof.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants generally admit that they manufacture or offer for sale animal food products. Defendant deny all remaining allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants admit generally that Plaintiffs have initiated a purported class action. Defendants deny that Plaintiffs' action should be certified as a class action.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants re-plead and incorporate by reference their answers to Paragraphs 1-55 of the Complaint as and for their answer to Paragraph 56, as if fully set forth herein.

57. Defendants generally admit that they manufacture or offer for sale animal food products. Defendants deny all remaining allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants re-plead and incorporate by reference their answers to Paragraphs 1-61 of the Complaint as and for their answer to Paragraph 62, as if fully set forth herein.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67-73. Plaintiffs' Third Cause of Action is not directed against the Defendants. No answers to allegations in Paragraphs 67-73 of the Complaint are therefore provided.

74. Defendants re-plead and incorporate by reference their answers to Paragraphs 1-73 of the Complaint as and for their answer to Paragraph 74, as if fully set forth herein.

75. Defendants generally admit that they manufacture or offer for sale animal food products. Defendants deny all remaining allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

Defendants deny each and every allegation in Plaintiffs' "Prayer for Relief."

## DEMAND FOR A JURY TRIAL

Defendants hereby demand a trial by jury of all issues so triable in this action.

## AFFIRMATIVE DEFENSE NO. 1

Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSE NO. 2

Defendants assert that Plaintiffs' Complaint should not be certified as a class action. Products liability actions are distinguishable from other mass personal injury cases since "[n]o single happening or accident occurs to cause similar types of physical harm or property damage. No one set of operative facts establishes liability." *In re Northern District of California Dalkon Shield IUD Products Liability Litigation*, 693 F.2d 847, 853 (9th Cir. 1982).

## AFFIRMATIVE DEFENSE NO. 3

Defendants assert that the sole proximate cause of the injuries and damages alleged in Plaintiffs' Complaint was Plaintiffs' own conduct, and therefore, Plaintiffs are entitled to take nothing by this lawsuit. Defendants assert that those injuries and damages alleged in Plaintiffs' Complaint were a direct and proximate cause of the Plaintiffs' own conduct, and therefore, if any Defendant or Defendants are found liable to Plaintiffs for the trial of this cause, said monetary award should be reduced in an amount commensurate with Plaintiffs' comparative fault.

## AFFIRMATIVE DEFENSE NO. 4

Defendants assert that Plaintiffs' conduct constitutes contributory negligence.

Defendants deny any liability but assert their fault, if any, for injuries and damages alleged, but if Defendants' fault is found to be less than the total attributable fault of the Plaintiffs, and to any Third-Party Defendant, who could have been sued by the Plaintiffs, Defendants shall only be severally liable for the Plaintiffs' damages, if any, which may be awarded by a trier of fact.

### AFFIRMATIVE DEFENSE NO. 5

Defendants' products were not defective or unreasonably dangerous based on an alleged failure to warn, because at the time of Plaintiffs' alleged exposure there was no information available on the basis of which a reasonable manufacturer of pet food could have concluded that exposure to any internally contained material might be dangerous. As a matter of law, a manufacturer or distributor of a product is under no duty to warn of a prospective risk of harm in the absence of knowledge, actual, or constructive, of the risk arising from a foreseeable use of its own products.

### AFFIRMATIVE DEFENSE NO. 6

Defendants deny that Plaintiffs sustained any injuries as a result of contact with or use of any product manufactured or sold by these Defendants and further state that any contact with Defendants' alleged products would be so slight that it would not be a substantial factor in causing or contributing to the cause of the injuries of which Plaintiffs now complain.

### AFFIRMATIVE DEFENSE NO. 7

If Plaintiffs are found to have sustained injuries from products manufactured or distributed by Defendants, then said exposure was de minimis and not the legal and proximate cause of Plaintiffs' injuries.

### AFFIRMATIVE DEFENSE NO. 8

If Plaintiffs sustained injuries and damages alleged in Plaintiffs' Complaint, which Defendants deny, such injuries resulted in whole or in part from the acts of one or more persons over whom Defendants have no control or right of control and Defendants are therefore entitled to a reduction of damages for comparative fault of others.

### AFFIRMATIVE DEFENSE NO. 9

Plaintiffs' damages, if any, were proximately caused by unforeseeable, independent, intervening or superseding events beyond the control and unrelated to the conduct of Defendants. Defendants' actions and omissions, if any, were superseded by such unforeseeable, independent events.

### AFFIRMATIVE DEFENSE NO. 10

With respect to each and every purported cause of action, Defendants' acts were at all times done in good faith and without malice.

### AFFIRMATIVE DEFENSE NO. 11

Plaintiffs have improperly named certain of the Defendants because their only alleged relationship with the entities that allegedly manufactured the pet food at issue in the Complaint is that of the shareholders, and Plaintiffs have failed to make sufficient allegations to warrant piercing the corporate veil.

### AFFIRMATIVE DEFENSE NO. 12

On June 28, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred this action to the United States District Court for the District of New Jersey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, as part of the Multi-District Litigation, *In Re Pet Food Products Liability Litigation*, Docket Number 1850 (the

"Pet Food MDL"). The JPML found that this action involves common questions of fact with the other litigation transferred to the Pet Food MDL, as all such "actions stem from the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China and used in these products." JPML Docket No. 1850, June 19, 2007 Transfer Order. The JPML further determined that "[c]entralization under Section 1407 is necessary to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." *Id.* Accordingly, it is indisputable that this action should and will remain in the District of New Jersey for centralized proceedings. Defendants submit this Answer at this early stage in the centralized MDL proceeding to the best of their ability, and reserve the right to amend or supplement it as the MDL proceeding goes forward.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend their Answer by way of amending responses to the allegations in the Complaint, adding affirmative defenses, counterclaims, cross-claims and/or third-party claims, or otherwise, as additional facts are obtained through further investigation and discovery.

**WHEREFORE** Defendants Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods, Inc., and Menu Foods Holdings, Inc. respectfully request that judgment be entered in their favor and against the Plaintiffs on all counts of the Complaint, and that Defendants be awarded their costs and expenses, including attorneys' fees, together with such other and further relief as this Court may deem just and proper.

Dated: June 29, 2007
      New York, New York

Respectfully submitted,

DLA PIPER US LLP

By: <u>s/ Alexander Shaknes</u>
    Alexander Shaknes (AS-8954)
    Carolyn A. Dizon (CD-9854)
    1251 Avenue of the Americas
    New York, New York 10020-1104
    Tel:  (212) 335-4500
    Fax:  (212) 335-4501

Attorneys for Defendants
Menu Foods Midwest Corporation, Menu Foods Income Fund, Menu Foods Limited, Menu Foods, Inc., and Menu Foods Holdings, Inc.