UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **MARK CASHMAN, and CIRO AIELLO;** individually and on behalf of all others similarly situated, | ) ) ) ) ) | **Case No. 07-CV-3236 (JSR)** |
| | ) | **DEFENDANT CHEMNUTRA INC.'S** |
| **Plaintiffs** | ) ) ) | **ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** |
| | ) ) | |
| **vs.** | ) ) ) | |
| **MENU FOODS MIDWEST CORPORTION, MENU FOODS INCOME FUND, MENU FOODS LIMITED, MENU FOODS INC., MENU FOODS HOLDINGS, INC., THE PROCTER & GAMBLE COMPANY, THE IAMS COMPANY, CHEMNUTRA, INC., and JOHN DOES 1 through 100,** | ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CHEMNUTRA INC.

Defendant CHEMNUTRA INC. ("Defendant") files the following Answer to the unverified Complaint ("Complaint") filed in the matter of MARK CASHMAN, and CIRO AIELLO; individually and on behalf of all others similarly situated v. MENU FOODS MIDWEST CORPORTION, et al. (The term "Plaintiffs" as used herein shall refer to MARK CASHMAN and CIRO AIELLO, individually and on behalf of all others similarly situated.) Defendant responds to Plaintiffs' Complaint as follows:

## INTRODUCTION

1.      Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1, and therefore denies such allegations.

## PARTIES

### Plaintiffs

2.      Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2, and therefore denies such allegations.

3.      Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3, and therefore denies such allegations.

### Defendant Menu Foods

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4, and therefore denies such allegations.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5, and therefore denies such allegations.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, and therefore denies such allegations.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore denies such allegations.

8.      Defendant is without knowledge or information sufficient to for a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore denies such allegations.

9.      Defendant is without knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in Paragraph 9, and therefore denies such allegations.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and therefore denies such allegations.

**Other Defendants**

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore denies such allegations.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies such allegations.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore denies such allegations.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore denies such allegations.

15.    Defendant admits that it is a Delaware Corporation, with its principal place of business in Las Vegas, Nevada.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 15, and therefore denies such allegations.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and therefore denies such allegations.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore denies such allegations.

## JURISDICTION AND VENUE

18.    Paragraph 18 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore denies such allegations.

19.    Paragraph 19 purports to state a conclusion of law to which no response is required.   To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore denies such allegations.

## SUBSTANTIVE ALLEGATIONS

### Menu Foods and Their Defective Product

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore denies such allegations.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore denies such allegations.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and therefore denies such allegations.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore denies such allegations.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore denies such allegations.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and therefore denies such allegations.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and therefore denies such allegations.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore denies such allegations.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore denies such allegations.

29.    Defendant does not produce, distribute or sell pet food.  Defendant is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 29, and therefore denies such allegations.

30.    Defendant does not produce, distribute or sell pet food.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 30, and therefore denies such allegations.

31.    Defendant does not produce, distribute or sell pet food.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 31, and therefore denies such allegations.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies such allegations.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore denies such allegations.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore denies such allegations.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore denies such allegations.

**Menu Food's Past**

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and therefore denies such allegations.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore denies such allegations.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore denies such allegations.

**Factual Allegations Related to Plaintiff**

39.    Defendant is without knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in Paragraph 39, and therefore denies such allegations.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40, and therefore denies such allegations.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, and therefore denies such allegations.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore denies such allegations.

43.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and therefore denies such allegations.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and therefore denies such allegations.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, and therefore denies such allegations.

**General Allegations**

46.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 46, and therefore denies such allegations.

47.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 47, and therefore denies such allegations.

48.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 48, and therefore denies such allegations.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and therefore denies such allegations.

## CLASS ACTION ALLEGATIONS

50.     Paragraph 50 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore denies such allegations.

51.     Paragraph 51 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and therefore denies such allegations.

52.     Paragraph 52, including its and its subparts and subparagraphs, purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant states that it does not produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 52, and its subparts and subparagraphs, and therefore denies such allegations.

53.     Paragraph 53 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant states that it does not produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 53, and therefore denies such allegations.

54.     Paragraph 54 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and therefore denies such allegations.

55.     Paragraph 55 purports to state a conclusion of law to which no response is

required.   To the extent that a response is required, Defendant states that it does not manufacture, produce, distribute or sell pet food.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 55, and therefore denies such allegations.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### NEGLIGENCE
### (Against All Defendants)

56.    Defendant incorporates by reference its responses to all paragraphs set forth above as if fully set forth herein.

57.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 57, and therefore denies such allegations.

58.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 58, and therefore denies such allegations.

59.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59, and therefore denies such allegations.

60.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 60, and therefore denies such allegations.

61.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 61, and therefore denies such allegations.

## SECOND CAUSE OF ACTION

### STRICT LIABILITY
### (Against All Defendants)

62.     Defendant incorporates by reference its responses to all paragraphs set forth above as if fully set forth herein.

63.     Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 63, and therefore denies such allegations.

64.     Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 64, and therefore denies such allegations.

65.     Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 65, and therefore denies such allegations.

66.     Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 66, and therefore denies such allegations.

## THIRD CAUSE OF ACTION

### BREACH OF EXPRESS AND IMPLIED WARRANTIES
### (Against The P&G Defendants)

67.     Defendant incorporates by reference its responses to all paragraphs set forth above as if fully set forth herein.

68.     Defendant states that no response is required to the allegations contained in Paragraph 68 of Complaint as such allegations are expressly directed to defendants other than Defendant.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph

68, and therefore denies such allegations.

69.    Defendant states that no response is required to the allegations contained in Paragraph 69 of Complaint as such allegations are expressly directed to defendants other than Defendant.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69, and therefore denies such allegations.

70.    Defendant states that no response is required to the allegations contained in Paragraph 70 of Complaint as such allegations are expressly directed to defendants other than Defendant.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 70, and therefore denies such allegations.

71.    Defendant states that no response is required to the allegations contained in Paragraph 71 of Complaint as such allegations are expressly directed to defendants other than Defendant.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 71, and therefore denies such allegations.

72.    Defendant states that no response is required to the allegations contained in Paragraph 72 of Complaint as such allegations are expressly directed to defendants other than Defendant.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 72, and therefore denies such allegations.

73.    Defendant states that no response is required to the allegations contained in Paragraph 73 of Complaint as such allegations are expressly directed to defendants other than Defendant.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph

73, and therefore denies such allegations.

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT
### (As to all Defendants)

74.    Defendant incorporates by reference its responses to all paragraphs set forth above as if fully set forth herein.

75.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 75, and therefore denies such allegations.

76.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 76, and therefore denies such allegations.

77.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 77, and therefore denies such allegations.

78.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 78, and therefore denies such allegations.

### PRAYER FOR RELIEF

79.    To the extent that the Prayer for Relief and its subparts and subparagraphs purport to state conclusions of law, no response is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Prayer for Relief and its subparts and subparagraphs and therefore denies such allegations and denies that Plaintiffs sustained injuries or damages of the type or amount alleged or of any nature or amount whatsoever.  Further, Defendant admits that Plaintiffs seek the relief requested in the Prayer for Relief and its subparts and subparagraphs, but

denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

## JURY TRIAL DEMAND

80.    Defendant states that Plaintiffs' Jury Trial Demand does not contain an averment of fact as to which any response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

81.    The Complaint and all causes of action asserted against Defendant fail to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

82.    Federal law preempts Plaintiffs' claims. Plaintiffs have asserted claims for relief which, if granted, would constitute an impermissible burden by this Court on Federal laws, regulations, and policies relating to the development and marketing of products, in violation of the Supremacy Clause, Article VI of the Constitution of the United States.

### THIRD AFFIRMATIVE DEFENSE

83.    Plaintiffs' right to recover should be barred or, at a minimum, diminished by Plaintiffs' proportional share of fault.

### FOURTH AFFIRMATIVE DEFENSE

84.    Plaintiffs failed to mitigate any damage that they may have sustained.

### FIFTH AFFIRMATIVE DEFENSE

85.    Defendant denies that Plaintiffs or their pets suffered injuries or incurred any damages, or that any defendant is liable. If Plaintiffs or their pets did suffer any injuries or incur any damages, any injuries or damages were caused, in whole or in part, by the acts or omissions of persons or entities other than Defendant or superseding or intervening causes over which Defendant had no control. If there is any negligence or liability by any

defendant, it is the sole and exclusive negligence and liability of others and not this answering Defendant. If Defendant were to be held responsible, it should be indemnified.

## SIXTH AFFIRMATIVE DEFENSE

86.     The intervening or superseding cause of any injury allegedly sustained by Plaintiffs and/or their pets may be conduct which is illicit, criminal, or otherwise improper, and for which conduct Defendant cannot be held responsible.

## SEVENTH AFFIRMATIVE DEFENSE

87.     The alleged damages, injuries, or losses if any, of Plaintiffs and/or their pets, were not proximately caused by any alleged act, omission, or breach of duty by Defendant but were caused in whole or in part by the acts or omissions of Plaintiffs and/or others so that the principles of contributory negligence, comparative fault and/or assumption of the risk apply.

## EIGHTH AFFIRMATIVE DEFENSE

88.     Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or Plaintiffs' claims have been improperly joined in this action.

## NINTH AFFIRMATIVE DEFENSE

89.     If any of the other parties are negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, and if there is a finding of any liability in favor of Plaintiffs or settlement or judgment against Defendant, Defendant requests that the Court or Jury make an apportionment of fault among all parties. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

## TENTH AFFIRMATIVE DEFENSE

90.     The alleged injuries of Plaintiffs' pets were the direct and proximate result of an idiosyncratic reaction which was not reasonably foreseeable, or was not the result of any

conduct or negligence on the part of Defendant; and/or was not the result of any defect in any product sold by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

91.    After the alleged component product left the possession and control of Defendant, if in fact any component product was ever in the possession or control of Defendant, the alleged component product was modified, altered, incorporated into a finished product or subjected to treatment that substantially changed its character without Defendant's knowledge.  The defect in any alleged component product, as alleged in the Complaint, resulted, if at all, from the modification, alteration, treatment, incorporation into a finished product, or other change of the alleged component product after Defendant relinquished possession of and control over any alleged component product and not from any act or omission of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

92.    Defendant alleges that at all relevant times during which the alleged products were designed, developed, manufactured and sold, they were reasonably safe and reasonably fit for their intended use, and were accompanied by proper warnings, information and instructions, all pursuant to generally recognized prevailing industry standards and the "state of the art" in existence at the time of such design, development, manufacture and sale, and therefore, the products were not defective or unreasonably dangerous.

## THIRTEENTH AFFIRMATIVE DEFENSE

93.    To the extent that Plaintiffs alleges a failure to warn by Defendant, Defendant alleges that the manufacturers and distributors associated with the products knew, or should have been aware, of any risk and hazard that Plaintiffs allege rendered the products defective and that allegedly caused Plaintiffs' and/or Plaintiffs' pets injuries and/or damages, if any.

14

## FOURTEENTH AFFIRMATIVE DEFENSE

94.    The Complaint is barred due to the lack of privity, or a "transaction," between Plaintiffs and Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

95.    The products were not used in the manner in which they were intended to be used.  The products were used in a manner that was abnormal and not reasonably foreseeable by Defendant.  Such misuse of the products proximately caused or contributed to the alleged damages, injuries, and losses, if any, of Plaintiffs' and/or their pets.

## SIXTEENTH AFFIRMATIVE DEFENSE

96.    With respect to Plaintiffs' demands for punitive damages, if any, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage wards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## SEVENTEENTH AFFIRMATIVE DEFENSE

97.    While continuing to deny any and all liability, Defendant states that if the court determines that Plaintiffs are entitled to assert a claim for punitive damages, such claim cannot be permitted to go forward until the trier of fact determines that punitive damages should be considered, and, ultimately all issues regarding punitive damages should be bifurcated at trial.  Any award for punitive or exemplary damage absent bifurcating trial as to issues of compensatory and exemplary damages would be in violation of Defendant's rights to due process under the Unites States Constitution and the correlative provisions of applicable state law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

98.    At all times, any products distributed by Defendant were distributed in

compliance with all applicable federal, state and local laws and regulations.

### NINETEENTH AFFIRMATIVE DEFENSE

99.    At all times, any products distributed by Defendant were distributed in compliance with all applicable federal, state and local laws and regulations, and rules promulgated and enforced by the Food and Drug Administration.  Compliance with such laws, regulations, and rules demonstrates that due care and reasonable prudence were exercised in the distribution of the product and that said product was not defective in any way.

### TWENTIETH AFFIRMATIVE DEFENSE

100.    Any damages, injuries and/or losses alleged to have been suffered by Plaintiffs and/or their pets have been mitigated, in whole or in part, by reimbursement from collateral sources and therefore, Plaintiffs' claims against Defendant are barred and/or reduced by any applicable set off.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

101.    At all times, Defendant's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

102.    Plaintiffs cannot demonstrate the necessary elements to support the request for injunctive relief, including without limitation, a threat of imminent or immediate harm.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

103.    Any alleged act or omission by Defendant concerning the manufacture, warning, labeling, advertising and sale of the pet foods referred to in the Complaint, was at all times, the duty of an entity other than Defendant.  Defendant acted in good faith concerning all services for which it had a duty to provide as referred to in the Complaint.

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

104.    Plaintiffs' claims for disgorgement or restitution are barred.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

105.    The alleged injuries or illnesses of Plaintiffs' pets preexisted or were suffered after the alleged use of the products, and such alleged injuries or illnesses were neither caused nor exacerbated by said alleged use.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

106.    The alleged injuries or illnesses of Plaintiffs' pets were caused or contributed to by Plaintiffs' failure to follow the directions and precautions provided by the product's manufacturer(s).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

107.    Defendant denies that there existed any warranties, either express or implied, between Defendant and Plaintiffs.  Defendant alleges that any cause of action for breach of warranty is barred because of lack of privity between Defendant and Plaintiffs.  Further, Plaintiffs' breach of warranty claims, if any, are barred because Plaintiffs failed to give adequate and timely notice of the alleged claims against Defendant and/or because the alleged warranties were disclaimed and/or Defendant was not made aware of any particular use of the products intended by Plaintiffs and/or Plaintiffs failed to identify any warranties upon which they relied.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

108.    The claimed injuries and/or damages of Plaintiffs and/or their pets are so remote, speculative or contingent that Plaintiffs' claims must be barred on public policy grounds.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

109.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement

(Third) of Torts:  Products Liability.

### THIRTIETH AFFIRMATIVE DEFENSE

110.    Plaintiffs' claims, if any, related to negligence per se are barred, in whole or in part, because there is no statute violated by this Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

111.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

112.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lacks standing to bring such claims.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

113.    To the extent Plaintiffs' claims are made by, or on behalf of, out of state Plaintiffs, or arose from events occurring out of state, such claims are barred in whole or in part under principles of forum non conveniens and due process.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

114.    Plaintiffs' claims are barred in whole or in part because the Complaint fails to join necessary and indispensable parties.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

115.    Defendant did not design, manufacture, formulate, distribute, market, sell, research, develop, test or supply the product that was alleged to have been ingested by Plaintiffs' pets and/or any of the ingredients contained therein.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

116.    Plaintiffs' vague allegations are legal conclusions directed at "defendants" in general and fail to support any claims specific to Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

117.    Defendant denies that any product or component part of a product distributed by it caused or contributed to the alleged injuries of Plaintiffs' pets, and Defendant further denies that it is liable to Plaintiffs for the claims alleged or for any other claims whatsoever.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

118.    Defendant did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Defendant specifically denies, then Defendant did not make such representation with the intent to either deceive or to induce Plaintiffs to act in justifiable reliance.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

119.    Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of Defendant, and did not act upon any statement, representation advice or conduct to their detriment.

### FORTIETH AFFIRMATIVE DEFENSE

120.    Defendant asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of:  (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; (2) the alleged danger of any such design characteristics.

### FORTY-FIRST AFFIRMATIVE DEFENSE

121.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs, or any state entity acting on behalf of Plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

### FORTY-SECOND AFFIRMATIVE DEFENSE

122.    Plaintiffs' claims for negligence and strict liability are barred by the economic

loss doctrine because Plaintiffs seek only economic damages.

### FORTY-THIRD AFFIRMATIVE DEFENSE

123.    Plaintiffs' claims fail, in whole or in part, because the relief Plaintiffs request would violate the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and the Constitution of the State of New York.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

124.    Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs, or any state entity acting on behalf of Plaintiffs, with respect to the same alleged injuries.  Defendant is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs, or any state entity acting on behalf of Plaintiffs, from any collateral source.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

125.    Defendant does not produce, distribute or sell pet food, including the pet food that was alleged to have been ingested by Plaintiffs' pets.  Moreover, while Defendant sold some component products to certain of the Menu Foods entities, it has not been established that Defendant supplied any of the component products used in the production of the pet food allegedly ingested by Plaintiffs' pets.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

126.    Plaintiffs are barred from recovery against Defendant because of the sophisticated user doctrine.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

127.    Defendant alleges that it is not liable because it was merely a bulk supplier of raw materials.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

128.    To the extent that laws of other jurisdictions apply, Defendant invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to courts, freedom to petition the government for redress of grievances and limits on compensatory and punitive damages.

### FORTY-NINTH AFFIRMATIVE DEFENSE

129.    Class action is inappropriate because Plaintiffs cannot meet all of the standards required for certification of a class under Federal Rules of Civil Procedure, Rule 23.

### FIFTIETH AFFIRMATIVE DEFENSE

130.    Defendant adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action to the extent such affirmative defenses apply to Defendant. Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon any other defenses that may become legally available hereafter or become apparent during discovery; accordingly, Defendant reserves the right to amend this Answer by adding defenses to conform with such information.

### REQUEST FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Defendant respectfully requests that this Court:

1.    Dismiss Plaintiffs' Complaint in its entirety with prejudice with no recovery by Plaintiffs from Defendant;

2.    Enter judgment in favor of Defendant and against Plaintiffs;

3.    Award Defendant its costs and attorneys' fees as permitted by law; and

4.    Award such other and further relief as this Court deems just and proper.


Dated:  June ,  , 2007                    Respectfully Submitted,

                                          **MORRISON MAHONEY LLP**

                                          By:    /s/ Brian P. Heermance, Esq.
                                                 Brian P. Heermance (BPH-6805
                                                 Kevin A. Hickman (KH-2102)
                                                 17 State Street, Suite 1110
                                                 New York, NY 10004
                                                 Tel.:  (212) 825-1212
                                                 Fax:  (212) 825-1313

                                                 Attorneys for Defendant
                                                 CHEMNUTRA INC.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury in this matter.

Dated: June ___, 2007                    Respectfully Submitted,

**MORRISON MAHONEY LLP**

By:   /s/ Brian P. Heermance, Esq.
          Brian P. Heermance
          Kevin A. Hickman
          17 State Street, Suite 1110
          New York, NY 10004
          Tel.:  (212) 825-1212
          Fax:  (212) 825-1313

          Attorneys for Defendant
          CHEMNUTRA INC.

23